IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kim Westly Murphy, | ) | Case No. 4:19-cv-00647-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Police Officer S. Sawicki, Police Officer C. Turner, Police Officer B. Howland, Police Officer T. Struckus, Police Officer J. Lange, Police Officer Z. Chestnut, Police Officer M. J. Adams, | ) ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On December 31, 2019, Defendants filed a motion to compel Plaintiff's appearance at his deposition or, in the alternative, a motion to dismiss for failure to prosecute or comply with the Federal Rules of Civil Procedure. ECF No. 31. On January 2, 2020, the Magistrate Judge issue an order and rule to show cause as to why this case should not be dismissed for failure to prosecute and/or sanctions, based on Plaintiff's failure to appear for his deposition. ECF No. 32. The Magistrate Judge warned Plaintiff that failing to respond could subject his claims to dismissal with prejudice. Plaintiff has not responded to the order.

On January 16, 2020, the Magistrate Judge issued a Report recommending that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. ECF No. 34. The Magistrate Judge advised the Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. He did not file objections to the Report, and the time to do so has lapsed.[1]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

---

[1] The Court notes that Plaintiff submitted a notice of change of address on January 27, 2020. The Clerk Office remailed the order and rule to show cause and Report to the new address. Plaintiff has had more than two months to respond and has failed to do so.

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge. Accordingly, this action is **DISMISSED** with prejudice.[2]

IT IS SO ORDERED.

                                                                                                s/ Donald C. Coggins, Jr.
                                                                                                United States District Judge

April 14, 2020
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] The motion to compel [31] is found as **MOOT**.